IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DISCOVERORG DATA, LLC,** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Civil Action No. 1:19-cv-718 |
| | § |
| **LIFESIZE, INC.,** | § |
| | § |
| *Defendant.* | § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff DiscoverOrg Data, LLC ("DiscoverOrg"), and files this its Original Complaint and Jury Demand against Lifesize, Inc. ("Lifesize"). In support thereof Plaintiff would respectfully show the Court as follows:

### I.     PARTIES

1. DiscoverOrg is a Delaware limited liability company with its principal place of business in Vancouver, Washington.

2. Lifesize is a Delaware limited liability company with its principal place of business in Austin, Texas.

### II.     JURISDICTION AND VENUE

**A.     Jurisdiction**

3. *Federal question*: This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because claims asserted herein arise under the laws of the United States.

4. *Diversity*: This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between parties deemed to be citizens of different states under 28 U.S.C. § 1332(c)(1).

5. *Patents*: This Court has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because claims asserted herein arise under Acts of Congress relating to patents, plant variety protection, copyrights, and trademarks.

6. *Supplemental*: This court has supplemental jurisdiction over state law claims asserted herein under 28 U.S.C. § 1367 because such state law claims are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy as those claims under Article III of the U.S. Constitution.

7. This court has personal jurisdiction over Lifesize because Lifesize is doing business in Texas and in this judicial district and has committed unlawful acts which have caused injury to the Plaintiff within this judicial district.

**B.     Venue**

8. Venue is properly laid in this Court under 28 U.S.C. § 1391(b)(1) because Lifesize is a defendant subject to this Court's personal jurisdiction with respect to this civil action and is therefore deemed to reside in this judicial district under 28 U.S.C. § 1391(c)(2).

9. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because claims asserted herein arise under an Act of Congress relating to copyrights or exclusive rights in mask works or designs and the defendant or its agent resides or may be found in this judicial district.

### III.     FACTS AND ALLEGATIONS

**A.     DiscoverOrg's Database**

10. DiscoverOrg is a provider of business-to-business ("b2b") marketing data, which it delivers to clients via a password-secured, online graphical user interface. DiscoverOrg uses

technology, computers, and electronic communication systems to provide subscribers to its database with marketing information profiling businesses in the United States and globally.

11. Value to users of the database may derive from the use of detailed information in the user's efforts to market its products and services. That access to the database has market value to users is evidenced by the fact that DiscoverOrg has licensed subscription access to approximately 4,000 companies who pay licensing fees for the right to access and use the database.

12. The value of DiscoverOrg's database is related to and dependent upon its proprietary and non-public nature. DiscoverOrg takes steps to protect the security of the information contained in its database. For example, DiscoverOrg limits access to its database to authorized users pursuant to restrictive license agreements. DiscoverOrg's database is password-protected, and DiscoverOrg utilizes mail monitoring and list protection to further secure and ensure the integrity of the database.

**B.    Lifesize Enters Into a License Agreement with DiscoverOrg**

13. On or about June 29, 2017, Lifesize entered into a license agreement with DiscoverOrg to access and use certain data in its database, comprising an order form (the "Order Form") and the End User License Agreement (the "EULA"), incorporated by reference into the Order Form (together, the "Agreement"). A copy of the EULA is attached as Exhibit 1.

14. The initial term of the Agreement ran from July 14, 2017 through July 14, 2018 (the "Initial Term"). Ex. 1 § 7.1.

15. In the Agreement, "Licensee" means Lifesize. The EULA states "Licensee shall pay all fees stated in the Ordering Document (the "Subscription Fee")." Ex. 1 § 3. The Order Form identifies annual, in advance payment term obligations by the Licensee.

16. The EULA also provides for continuous service at the end of the Initial Term, but only if neither party opts out of the automatic extension:

> "The Initial Term of this Agreement is specified in the Ordering Document (and, together with all periods of extension, the "Term"). On the last day of the Term, the Term will extend for a successive period equal to the length of the Initial Term, unless either party notifies the other in writing at least sixty (60) days prior to the end of the then-current Term of its intent that the Term not so extend. In the event that the Term is so extended, the Subscription Fee for the period of such extension shall equal the Subscription Fee applicable to the period of equal length immediately preceding such period such extension, plus (1) 10% of such fee and (2) any applied discount."

Ex. 1 § 7.1.

17. The Agreement further provides that "Upon expiration or termination of this Agreement, Licensee shall cease accessing the Licensed Materials or using the Licensed Materials in any way," (*Id.* § 4.2) and that "Upon expiration or termination of this Agreement, Licensee agrees to destroy any and all copies of Licensed Materials and any information it has obtained from the Licensed Materials, whether in hard copy or electronic form." *Id.* § 7.2.

18. The Agreement also provides that "In the event of any dispute arising under this agreement, the prevailing party shall be entitled to recover its reasonable costs and expenses actually incurred in endeavoring to enforce the terms of this Agreement, including reasonable attorney fees." *Id.* § 13.1.

C. **Agreement Auto-Renews but Lifesize Does Not Pay Renewal Fee**

19. On July 15, 2018, the Agreement by its terms extended for another 12-month term (the "Renewal Term") because neither party provided written notice of its intent that the Term not so extend. Notwithstanding such renewal, Lifesize has failed to make the full subscription fee payment associated with the Renewal Term.

**D.     Lifesize Continues Accessing and Using the DiscoverOrg Database and Data Obtained from the DiscoverOrg Database in the Renewal Term**

20.     Despite Lifesize's non-payment of the subscription fee in the Renewal Term, Lifesize continued accessing and using the Licensed Materials after the Initial Term.

21.     In the Renewal Term, Lifesize logged into the platform more than 15 times, performed more than 275 unique search actions within the DiscoverOrg database, and spent more than 25 hours logged into the platform using the database.

22.     On information and belief, Lifesize has continued to use data obtained from the DiscoverOrg database for its marketing and sales efforts despite failing to meet its payment obligations outlined in the Agreement.

**E.     Washington Law to Apply**

23.     The EULA, at § 12, provides, "[t]his Agreement shall be construed in accordance with and governed for all purposes by the laws of the State of Washington without regard to choice of laws principles."

## IV.     FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

24.     DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 23.

25.     Lifesize entered into the Agreement with DiscoverOrg, which was duly made and binding on both parties.

26.     Lifesize breached the Agreement by failing to make timely payments to DiscoverOrg in accordance with the payment terms of the Agreement.

27.     DiscoverOrg has been damaged by Lifesize because it has not been compensated for Lifesize's access to and use of DiscoverOrg's software and data.

28. By reason of the foregoing, Lifesize is liable to DiscoverOrg for damages in the amount of the subscription fee owed for the Renewal Term of the Agreement and, pursuant to the terms of the Agreement, DiscoverOrg's reasonable attorney fees.

## V.　SECOND CLAIM FOR RELIEF

### (Breach of Contract)

29. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 28.

30. Lifesize entered into the Agreement with DiscoverOrg, which was duly made and binding on both parties.

31. Lifesize breached the Agreement by failing to remove all data that Lifesize obtained from DiscoverOrg after the expiration of the Initial Term of the Agreement.

32. Lifesize also breached the Agreement by continuing to access and use Licensed Materials after the expiration of the Initial Term of the Agreement.

33. DiscoverOrg has been damaged by Lifesize's aforementioned actions through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information.

34. By reason of the foregoing, Lifesize is liable to DiscoverOrg for damages in the amount of the subscription fee owed for the Renewal Term, and the remaining outstanding balance from the Initial Term of the Agreement, and the costs and expenses incurred by DiscoverOrg in enforcing the Agreement, including its reasonable attorney fees.

## VI.     THIRD CLAIM FOR RELIEF

**(Theft of Trade Secrets - 18 U.S.C. § 1832 *et seq*.)**

35.     This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 34.

36.     DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially-valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense. DiscoverOrg's database and the information contained therein comprise a compilation such commercially valuable business information, which is used in interstate commerce.

37.     The compilation of information in DiscoverOrg's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by DiscoverOrg to access the database. Non-licensees can obtain economic value from the disclosure or use of the information in DiscoverOrg's database.

38.     DiscoverOrg has taken reasonable measures to protect and keep the information in its database secret by limiting access to those customers who agree to the terms of access in the licensing agreement, and requiring password authentication to access the database through its secure online portal. DiscoverOrg also attempts to monitor access to the database and use of the information to further ensure its security.

39.     Lifesize used improper means, including unauthorized access to a protected computer, to obtain access to and acquire information from DiscoverOrg's database. Lifesize knew or had reason to know at the time it obtained that it was not authorized to access or use DiscoverOrg's proprietary data because its license had expired.

40. Lifesize received and possessed information from DiscoverOrg's proprietary database that Lifesize knew to have been converted without authorization.

41. Lifesize willfully and maliciously misappropriated DiscoverOrg's trade secrets by continuing to use login credentials after the expiration of the Initial Term of the Agreement, accessing DiscoverOrg's computer systems without authorization.

42. DiscoverOrg has been damaged by Lifesize's actions through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information. Lifesize has been unjustly enriched by the use of valuable marketing and sales information without paying compensation and through the consummation of business transactions that would not have occurred without use of the stolen information. DiscoverOrg would, in the alternative, be entitled to a reasonable royalty for Lifesize's use of the information.

43. Lifesize is liable to DiscoverOrg for damages for unjust enrichment or a reasonably royalty in an amount to be proven at trial.

44. DiscoverOrg is entitled to exemplary damages and its reasonable attorney fees.

45. Finally, DiscoverOrg is entitled to an injunction preventing Lifesize from continuing to possess or use information obtained from DiscoverOrg's database.

### VII.   FOURTH CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets -  Wash. Rev. Code Ann. § 19.108.010 *et seq*.)**

46. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 45.

47. Lifesize is liable to DiscoverOrg for damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial.

48. DiscoverOrg is entitled to exemplary damages and its reasonable attorney fees.

49. Finally, DiscoverOrg is entitled to an injunction preventing Lifesize from continuing to possess or use information obtained from DiscoverOrg's database.

## VIII.   FIFTH CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 501 *et seq.*)

50. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 49.

51. DiscoverOrg's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 501 *et seq*. DiscoverOrg has filed for copyright registration with the United States Copyright Office in compliance with the Copy Right Act. DiscoverOrg's copyright was registered December 27, 2010 with registration number TX0007487999.

52. As owner of all right, title, and interest in and to the copyrighted works, DiscoverOrg is entitled to all the exclusive rights and remedies accorded by Section 106 of the Copyright Act to a copyright owner, including the exclusive rights to reproduce the copyrighted works and to sell non-exclusive licenses to those copyrighted works.

53. Lifesize has gained access to DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg. Lifesize used those copies for Lifesize's financial gain without compensating DiscoverOrg. In doing so, Lifesize has violated DiscoverOrg's exclusive rights of reproduction and distribution.

54. At all relevant times, Lifesize had the responsibility and the ability to supervise and monitor the actions its employees and agents, whose actions were performed on its behalf and for its direct financial benefit and were within the scope of their employment for Lifesize.

55. With knowledge of the infringing activity, Lifesize induced, caused, facilitated, encouraged, and/or or materially contributed to the infringing conduct.

56. Lifesize's acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of DiscoverOrg.

57. As a direct and proximate results of the foregoing acts, DiscoverOrg has been and will continue to be harmed. DiscoverOrg is entitled to its actual damages, including any and all profits due to Lifesize's wrongful conduct, or statutory damages. DiscoverOrg is also entitled to its costs, including reasonable attorney fees.

## X.   SIXTH CLAIM FOR RELIEF

### (Computer Fraud and Abuse Act Violation - 18 U.S.C. § 1030 *et seq*.)

58. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 57.

59. DiscoverOrg's computer system and database comprise "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2).

60. Lifesize, knowingly and with intent to defraud DiscoverOrg, accessed DiscoverOrg's protected computers without authorization and thereby obtained valuable information from such protected computers using interstate communication.

61. Lifesize's actions constitute violations of 18 U.S.C. §§ 1030(a)(2)(C) and 1030(a)(4).

62. Lifesize's unauthorized access of DiscoverOrg's computer system has caused loss to DiscoverOrg of more than $5,000 in value.

63. By reason of the foregoing, DiscoverOrg is entitled to compensatory damages in an amount to be determined at trial pursuant to 18 U.S.C. § 1030(g).

### X. SEVENTH CLAIM FOR RELIEF

### (Trespass to Chattels)

64. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 63.

65. DiscoverOrg owns a computer system that houses its proprietary electronic database. DiscoverOrg grants password access to this system only to its clients.

66. Lifesize intentionally accessed DiscoverOrg's computer system without authorization and thereby interfered with DiscoverOrg's possessory interest that system.

67. As a result of Lifesize's trespass to DiscoverOrg's computer system, Lifesize caused damage to DiscoverOrg's database including, but not limited to, the diminution in the market value of DiscoverOrg's computerized data and information stored on such computer system. By reason of the foregoing, Lifesize is liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

### XI. EIGHTH CLAIM FOR RELIEF

### (Unjust Enrichment)

68. This claim is pled in the alternative to DiscoverOrg's First Claim for Relief. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 67.

69. Through Lifesize's wrongful actions described herein, Lifesize has been unjustly enriched through the use of DiscoverOrg's commercially-valuable data without compensation to DiscoverOrg.

70. Lifesize is therefore liable to DiscoverOrg to the extent of such unjust enrichment in an amount to be determined at trial.

## XII. PRAYER FOR RELIEF

WHEREFORE, DiscoverOrg prays for the following relief:

71. entry of judgment in its favor and against Lifesize on all counts;

72. entry of judgment in its favor against Lifesize on all of its Claims for Relief that Lifesize's unlawful conduct was willful and knowing;

73. as to its First Claim for Relief, the subscription fee owed for the Renewal Term and the remaining outstanding balance from the Initial Term of the Agreement and, pursuant to the terms of the Agreement, DiscoverOrg's reasonable attorney fees; or

74. in the alternative to the First Claim for Relief, as to its Second Claim for Relief, the subscription fee owed for the Renewal Term and the remaining outstanding balance from the Initial Term of the Agreement and, pursuant to the terms of the Agreement, DiscoverOrg's costs and expenses including reasonable attorney fees;

75. in the alternative to the First Claim for Relief, as to its Third Claim for Relief, its actual damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial, exemplary damages, and its reasonable attorney fees;

76. in the alternative to the First Claim for Relief, as to its Fourth Claim for Relief, its actual damages and unjust enrichment or a reasonably royalty, in an amount to be proven at trial, exemplary damages, and its reasonable attorney fees;

77. in the alternative to the First Claim for Relief, as to its Fifth Claim for Relief, compensatory damages in an amount to be proven at trial;

78. in the alternative to the First Claim for Relief, as to its Sixth Claim for Relief, compensatory damages in an amount to be proven at trial;

79. in the alternative to the First Claim for Relief, as to its Seventh Claim for Relief, compensatory damages in an amount to be proven at trial;

80. in the alternative to the First Claim for Relief, as to its Eighth Claim for Relief, the amount to be proven at trial by which Lifesize has been unjustly enriched;

81. in the alternative to the First Claim for Relief, exemplary damages for Lifesize's willful and knowing infringement, theft, and misappropriation;

82. in the alternative to the First Claim for Relief, immediate and permanent injunctive relief enjoining Lifesize from using DiscoverOrg's trade secrets, copyrighted materials, and misappropriated products or services;

83. in the alternative to the First Claim for Relief, an award of DiscoverOrg's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law;

84. an award of pre- and post-judgment interest; and

85. such other relief as the Court may deem just and equitable.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: */s/ Timothy J. Stostad*
Michael B. Johnson
Texas State Bar No. 24029639
Timothy J. Stostad
Texas State Bar No. 24063019
701 Brazos Street, Suite 1500
Austin, Texas  78701
Telephone:  (512) 708-8200
tstostad@thompsoncoe.com
**ATTORNEYS FOR PLAINTIFF DISCOVERORG DATA, LLC**